# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

―――――――――――

№. 24-1925

―――――――――――

Andrew Perrong,
　　　*Plaintiff-Appellee*,

v.

Matthew Bradford
　　　*Defendant-Appellant.*

―――――――――――

Appeal from Memorandum Opinion and Order
Denying Motion for Summary Judgment in No. 2:23-cv-00510 in the
United States District Court for the Eastern District of Pennsylvania.
Honorable Joshua D. Wolson

―――――――――――

**BRIEF OF APPELLEE
IN RESPONSE TO ORDER REGARDING
INTERLOCUTORY APPEAL ISSUE (ECF No. 3)**

―――――――――――

　　　　　　　　　　　s/ ANDREW PERRONG
　　　　　　　　　　　ANDREW PERRONG, ESQ.
　　　　　　　　　　　PERRONG LAW LLC
　　　　　　　　　　　2657 Mount Carmel Avenue
　　　　　　　　　　　Glenside, PA 19038
　　　　　　　　　　　a@perronglaw.com
　　　　　　　　　　　(215) 225-55529
　　　　　　　　　　　*Plaintiff-Appellee*

## Table of Contents

**I.　Introduction** ........................................................................... 2

**II.　Summary of the Case and Decision Below** ............................... 3

**III.　Summary of Argument** ............................................................. 6

**IV.　Argument** ................................................................................. 8

　A.　This case is not a qualified immunity case. Accordingly, there is no "denial" of qualified immunity to justify an interlocutory appeal. .. 8

　B.　To the extent that this Court considers an appeal based on qualified immunity, the issue of qualified immunity was not properly raised and has been waived on appeal, thus leaving nothing for an interlocutory appeal and further divesting the Court of jurisdiction. 14

**V.　Conclusion** ............................................................................. 18

**VI.　Combined Certificates of Compliance and Service** .............. 19

## I.　INTRODUCTION

Plaintiff-Appellee Andrew Perrong brought this action asserting violations of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* ("TCPA") against Defendant-Appellant Matthew Bradford. The United States District Court for the Eastern District of Pennsylvania had jurisdiction under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377 (2012) (holding that federal courts have subject matter jurisdiction over TCPA suits). Defendant-Appellant Bradford moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which was denied. This appeal follows.

However, for the reasons articulated below, this Court lacks jurisdiction over this interlocutory appeal and the appeal must be dismissed.

## II.　SUMMARY OF THE CASE AND DECISION BELOW

This appeal concerns the denial of Defendant-Appellant Bradford's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Defendant primarily argued that he did not "place" the calls within the meaning of the TCPA because the calls were placed in the course of Bradford's conduct of official business as a state representative. The Defendant also argued, for less than four pages and a handful of paragraphs, that Bradford was not a "person" under the TCPA, that sovereign immunity shielded Bradford, and that qualified immunity also protected Bradford. Defendant Bradford dedicated five paragraphs to this final argument that he was entitled to qualified immunity, the basis for which he now seeks interlocutory review, comprising approximately one page of text at the very end of the brief. (*See generally* ECF No. 43-2). Absent from Bradford's briefing was any discussion as to whether qualified immunity even applies to TCPA claims, the first step of a qualified immunity analysis. (*Id.* at p. 16–17). Also absent was any cognizable legal argument for why Bradford did

not violate a clearly established statutory right, only arguing that the TCPA did not define the Plaintiff's rights with a "high degree of specificity" as it applies to state representatives. (*Id.*)

In an incredibly thoughtful and well-reasoned opinion, Judge Wolson stated that Bradford's first argument "misses the point" because the Plaintiff did not sue Bradford in his official capacity. (Memorandum, ECF No. 55, 2024 WL 2133801, at *5). Rather, as Judge Wolson explained, the Plaintiff here sued Bradford, in his individual capacity, for violating a law that prohibits *persons* from engaging in the exact conduct alleged:

> Mr. Perrong did not name Rep. Bradford as a defendant due to his official position; he did so because of Rep. Bradford's personal actions in directing the challenged phone calls. The fact that Rep. Bradford may have been acting within the scope of his role as a state legislator when he made the calls does not make this an official capacity suit.

*Id.* Judge Wolson also remarked that Bradford, as the individual human being that placed the calls at issue, was clearly the real party in interest and that an adverse judgment against Bradford would only bind him personally. *Id.* In addition, in light of apparently meeting all the other statutory requirements for alleging a *prima facie* TCPA claim,

4

Judge Wolson held that the only material fact to be adduced at trial was whether or not the Plaintiff consented to receiving calls. *Id.* at *3 n.2.

Turning to Bradford's qualified immunity arguments, Judge Wolson held that such arguments were easily disposed of. Although *neither party* so much as addressed the threshold issue of whether qualified immunity is available as a defense under the TCPA, thereby also not preserving the issue for appeal, Judge Wolson held that the TCPA permits a governmental official to assert qualified immunity for such claims when the circumstances of a case support the finding that qualified immunity might apply. *Id.* at *6. Defendant presumably does not take issue with that holding.

However, the thrust of the Defendant's argument on appeal seems to be that the Court got it wrong in holding that Bradford violated Plaintiff's clearly established statutory rights in sending him clearly illegal prerecorded robocalls, allegedly without consent. *Id.* at *7. Wolson held that the statutory text was clear in its proscription of sending prerecorded calls to the protected types of telephone lines enumerated in the statute. *Id.* This conclusion has been uniformly and consistently applied by the federal courts since 1991, including the

Supreme Court. *E.g.*, *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2344 (2020) ("In plain English, the TCPA prohibited almost all robocalls to cell phones.").

Addressing the interplay between Bradford's position as a state representative and qualified immunity, Wolson summarily addressed the Defendant's only argument surrounding qualified immunity which appears to have been preserved for appeal, that "a state legislator would not have known that the TCPA applied to him." (Memorandum at *8). As Judge Wolson cogently pointed out, "[T]here's no reason why that's so. The TCPA applies to "individuals," of which Rep. Bradford is obviously one. Although the FCC has concluded that the TCPA does not apply to a state government, an individual legislator is not the government, nor does he act for the government." *Id.*

### III. SUMMARY OF ARGUMENT

This Court lacks jurisdiction to hear this interlocutory appeal for two main reasons. *First*, the defense of qualified immunity is wholly inapplicable in this case and is only available to *governmental officials*, not individuals acting in, and sued in, their individual capacities who also happen to be governmental officials. Were that the case, any off-

duty police officer that stood accused of battery, for instance, would be able to assert the defense of qualified immunity. That's not the law. Simply put, framed in terms of a qualified immunity analysis, the Court held as a threshold matter that the acts were neither discretionary nor ministerial but were rather actions taken in a purely individual capacity, thus obviating any qualified immunity analysis.

*Second*, even to the extent that this Court were to hold that it might *possibly* entertain an interlocutory appeal on the basis of the qualified immunity defense, the jurisprudence surrounding such cases makes clear that this is *not* such a case where an interlocutory appeal should be granted because the issue of qualified immunity was not properly raised at the district court level and was conspicuously *waived* by Bradford's counsel at summary judgment. Despite this, Bradford now seeks appellate review on an issue not properly raised. The only possible colorable argument for a ruling on the qualified immunity angle that might have been preserved for appellate review is the argument that the TCPA lacks a high degree of specificity as it applies to state representatives as opposed to persons generally, but this argument is simply a reframing of an "I didn't do it" defense this Court

7

has already held insufficient for a holding that a qualified immunity defense was sufficiently raised below such as to permit an appeal.

The appeal must therefore be dismissed for lack of jurisdiction.

## IV. ARGUMENT

A. *This case is not a qualified immunity case. Accordingly, there is no "denial" of qualified immunity to justify an interlocutory appeal.*

In its ruling, the Court made clear the basis on which it was denying summary judgment. As explained above, the court did so because the Plaintiff sued an individual, in his individual capacity, for actions he took as an individual. Although he is a state representative, the Court insinuated that it need not reach the qualified immunity analysis because the actions complained of were committed by a person subject to the TCPA. Indeed, though the Court did not use the typical terms used in a qualified immunity analysis, those of "discretionary" and "ministerial" actions, the opinion indicates that it based its decision on "personal" actions that were neither "discretionary" nor "ministerial." *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

While this Court generally has jurisdiction over an appeal of an order denying a defendant qualified immunity, there are limits to the

Court's jurisdiction. *Mitchell v. Forsyth*, 472 U.S. 511, 526–530, (1985); 28 U.S.C. §1291. A prerequisite for appellate jurisdiction is that the order denying qualified immunity "turns on an issue of law." *Mitchell*, 472 U.S. at 530. However, here, the district court order does not dispositively address the issue of qualified immunity as a matter of law because it has denied summary judgment by holding that Bradford is a "person" subject to the TCPA and that he was not acting as an agent of or at the direction of the government when *he* directed making the calls at issue using his own personal voice. *Cf. McKee v. Lang*, 393 F. App'x 235, 238 (5th Cir. 2010) (holding that appellate court had interlocutory jurisdiction over district court order that "dispositively" addressed qualified immunity). The ruling is therefore based on no immunity-based reasoning, and therefore cannot be said to *deny* relief based upon such reasoning. *See Brown v. United States*, 851 F.2d 615, 620 (3d Cir. 1988) (dismissing appeal as improperly before the Court where the district court did not rule on the question of qualified immunity and thus did not deny relief on this basis).

When, as here, a party is unable to interpose qualified immunity as a defense to a claim, an interlocutory appeal denying qualified

9

immunity must be dismissed for want of appellate jurisdiction. *N. Atl. Sec. Co. v. Blache*, No. 22-30703, 2023 WL 7986589, at *1 (5th Cir. Nov. 17, 2023) (per curiam); *see also Walker v. Horn*, 286 F.3d 705, 710 (3d Cir. 2002) ("[W]e only have jurisdiction over the District Court's order denying qualified immunity to the extent that it involves an issue of law."). To determine whether or not there is jurisdiction over an interlocutory appeal regarding qualified immunity, this Court must look to the basis of the District Court's decision to ascertain if the issue was properly raised. *Barton v. Curtis*, 497 F.3d 331, 336 (3d Cir. 2007).

To this end, the Court commented as to how Bradford failed to adduce any evidence showing that the sending of prerecorded robocalls was a discretionary, let alone ministerial, function as his position as a state representative such as to give rise to qualified immunity:

> Rep. Bradford does not suggest that a state law or regulation required him to make the challenged calls or that he made these calls on behalf of the Commonwealth. On the contrary, the evidence demonstrates that state representatives must apply for permission to make such calls and that they do so on an individual basis, with some seeking to do so more often than others. . . . The fact that individual state representatives might read this decision and stop using prerecorded calls to reach their constituents is not the same as ***requiring*** the Commonwealth to change its own operations or procedures. And, of course, state legislators can still

make robocalls to their constituents, as long as they ensure that the calls only go to those who have opted to receive them.

(Memorandum at *5). The Court made it clear that it could deny summary judgment without taking up the immunity issue based on the well-reasoned, logical, and eminently appropriate conclusion that the TCPA "could not be clearer that it applies to all calls that any individual makes using a prerecorded voice, including an individual serving as a state legislator." *Id.* at *8.

In sum, the basis for the District Court's decision rested not on immunity (qualified or otherwise) but through an analysis and application of the plain text of the statute. The Court seems to have concluded that qualified immunity did not even apply in this case, as the only analysis of the qualified immunity issue as an initial matter appears to have been done so as a belt-and-suspenders approach in addressing a possible alternative ground on which the Court had been asked to grant summary judgment. That the qualified immunity issue took up only a page of briefing by the Defendant indicates that the issue was not one of law on which the case turned, let alone one properly briefed. As will be explained below, this infirmity provides further basis through which this Court must dismiss the instant appeal.

11

Here, the District Court dispensed with the qualified immunity issues as an initial and threshold matter. Qualified immunity plainly does not apply in certain circumstances. It does not apply to claims for injunctive relief. It does not apply to state law claims. And it does not apply to individuals who happen to be government employees but nevertheless are acting as individuals exercising personal, individual actions that are neither discretionary or ministerial functions. Simply put, qualified immunity traditionally applies when a governmental officer engaged in public service commits a tort in the execution of the duties and responsibilities of their governmental office. *See Filarsky v. Delia*, 566 U.S. 377, 388 (2012).

The District Court below was evidently unconvinced that Bradford's sending prerecorded robocalls to individuals, like Plaintiff, who did not request them, comported at all with the duties and responsibilities of Bradford's office "in harmony with general principles of tort immunities and defenses." *Imbler v. Pachtman*, 424 U.S. 409, 409 (1976). In fact, the Court held the *opposite*, nothing that Bradford was not required to send robocalls and that Braford "fits comfortably within

the statutory term 'person.'" *Compare Filarsky*, 566 U.S. at 389 (discussing clear legislative intent) *with* (Memorandum at *5).

Although this was an issue of first impression for the District Court, the District Court held, at summary judgment and on the record present before it, that Bradford was acting on his own behalf when he recorded the prerecorded messages complained of and authorized their transmission. Simply put, Bradford conducted a "personal action[] in directing the challenged phone calls." This conduct violated the TCPA. The Court explicitly remarked that the challenged action was "personal," not "discretionary" or "ministerial," further solidifying the conclusion that it did not see this case as one where the doctrine of qualified immunity even was available as a defense.

Framed differently, in order for *this* Court to have jurisdiction to hear the interlocutory appeal, it must determine that the order denying summary judgment also denied qualified immunity defenses potentially applicable to Bradford. But since the District Court held that Bradford was acting as an individual, not as a governmental officer conducting a discretionary or ministerial function, the qualified immunity analysis was not triggered and did not serve as the basis for which summary

13

judgment was denied. The decision did not, therefore, grant, or for that matter deny, any immunity defense. It is therefore not appealable without leave, and the appeal must be dismissed for lack of jurisdiction.

B. *To the extent that this Court considers an appeal based on qualified immunity, the issue of qualified immunity was not properly raised and has been waived on appeal, thus leaving nothing for an interlocutory appeal and further divesting the Court of jurisdiction.*

Plaintiff-Appellee is not incognizant of the fact that the Defendant-Appellant did mention qualified immunity as a possible basis for the granting of summary judgment and that the Court's opinion discussed the qualified immunity issue. As explained above, it is Plaintiff's position that the opinion did not "deny" relief on the basis of any immunity defense but rather rested on wholly adequate, independent, and separate grounds for doing so. But even if this Court were to hold that the appeal might possibly concern a qualified immunity defense, there has been no showing that a qualified immunity defense was properly raised, let alone denied. Therefore, this Court lacks jurisdiction over the interlocutory appeal, warranting dismissal.

To determine whether or not there is jurisdiction over an interlocutory appeal regarding qualified immunity, this Court must look

14

to the basis of the District Court's decision to ascertain if the immunity issue was properly raised. *Barton v. Curtis*, 497 F.3d 331, 336 (3d Cir. 2007). This Court has consistently held that it will review claims of qualified immunity only if such issues were "raised in the district court." *Burns v. Cnty. of Cambria, Pa.*, 971 F.2d 1015, 1018 (3d Cir. 1992) (citing *Brown v. United States*, 851 F.2d 615, 620 (3d Cir.1988) ("[I]t would be 'within our power ... [but] inappropriate' to address the issue of qualified immunity if the district court has not addressed it 'even if the record provided a sufficient basis for its resolution.'")).

Here, the qualified immunity issue was not properly raised in the District Court. An analysis of the Defendant's brief confirms this fact. This, together with the Court's analysis, demonstrate that the qualified immunity issue was in every instance an afterthought. The issue of qualified immunity was hardly raised at the District Court and was not the legal basis for the Court's decision upon which appellate review is now sought. This fact provides further support for the argument advanced above that the Court's opinion cannot be said to be one that "denied" immunity defenses as a legal matter. The immunity issue was addressed by both Bradford and the Court merely in passing and

15

supplemental to the true legal basis for which the opinion rested: that Bradford was clearly a person subject to the TCPA.

This Court need only look to the Defendant's own briefing to determine if he properly "raised" the issue of qualified immunity at the District Court. He plainly did not. The brief did not conduct *any* analysis of the first prong of the qualified immunity test, whether TCPA claims are even subject to qualified immunity. And as to the second prong, whether the conduct violated a clearly established statutory right, the Defendant's argument boiled down to a "I didn't do it" defense in that he did not *personally* commit the violation at issue. (ECF No. 43-2 p. 17 (arguing that the TCPA does not clearly prohibit "a Pennsylvania State Representative," as opposed to a person, from "placing calls like those here")); *Cf. Burns*, 971 F.2d at 1019.

Defendant can hardly be understood as having argued that he did not, as a matter of law, violate a clearly established legal norm when his argument boiled down to the one that he, as an individual person, did not violate the TCPA. *See Chinchello v. Fenton*, 805 F.2d 126, 131 (3d Cir. 1986) (holding the assertion that the individual did not commit the conduct in question was insufficient to raise the issue of immunity).

16

Bradford did not claim, for instance, that even if he had personally sent the call, that action would not have violated Plaintiff's clearly established statutory rights. *Id.* Drawing on this Court's decision in *Chinchello*, in *Burns*, the Third Circuit dismissed an interlocutory appeal because, as here, some defendants denied personal liability and therefore did not raise a cognizable assertion of qualified immunity. So too here, where the defendant simply claims he did not act as an individual person who is subject to the TCPA.

    This Court is clear in that it enjoys interlocutory jurisdiction only when qualified immunity claims were properly raised and preserved at the district court level and when the holding denying summary judgment denies an immunity defense. Because Bradford neglected and elected to forego legal argument for why he was entitled to immunity at the district court level, he has not only waived that argument on appeal but also failed to raise a legally cognizable immunity defense such as to constitute the order denying summary judgment as one denying his immunity defense as a legal matter. The appeal must therefore be dismissed for lack of jurisdiction on this independent basis.

## V. Conclusion

This Court's interlocutory jurisdiction is limited. In light of both of the reasons articulated above, the order denying summary judgment was not one in which an immunity defense was "denied" and therefore did not constitute a "final" order within the meaning of 28 U.S.C. § 1291. The appeal must therefore be dismissed for want of jurisdiction.

Dated: May 31, 2024

s/ ANDREW PERRONG
ANDREW PERRONG, ESQ.
PERRONG LAW LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
a@perronglaw.com
(215) 225-5529
*Plaintiff-Appellee*

## VI. COMBINED CERTIFICATES OF COMPLIANCE AND SERVICE

1. I Certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2. This brief complies with the type-volume limitations imposed by Federal Rule of Appellate Procedure 27(d)(1)(A). It contains 3,693 words.

3. This brief complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5) and 32(a)(6). It has been prepared in a proportionally-spaced typeface using Word in 14-point Century Schoolbook font.

4. I also certify, pursuant to Third Circuit Local Appellate Rules, that the text of the brief filed on ECF is identical to the text of the paper copies, and further that a virus detection program has been run on the file and no virus was detected. The file was scanned with Windows Defender, version last updated 5/31/2024.

5. I certify that I filed the foregoing via the ECF system and emailed a copy of the foregoing via email to Karl.Myers@stevenslee.com and upon Karl S. Myers, Stevens & Lee, 555 City Avenue, Suite 1170, Bala Cynwyd, PA 19004.

Dated: May 31, 2024

>s/ ANDREW PERRONG
>ANDREW PERRONG, ESQ.
>PERRONG LAW LLC
>2657 Mount Carmel Avenue
>Glenside, PA 19038
>a@perronglaw.com
>(215) 225-5529
>*Plaintiff-Appellee*