IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| ANDREW R. PERRONG,<br><br>*v.*<br><br>MATTHEW BRADFORD;<br>CLEO COMMUNICATIONS<br><br>MATTHEW BRADFORD, Appellant | 3d Cir. No. 24-1925<br><br>E.D. Pa. No. 2-23-cv-00510 |

## STATEMENT OF APPELLATE JURISDICTION
## IN RESPONSE TO THE ORDER OF MAY 17, 2024

Appellant, Pennsylvania State Representative Matthew Bradford, responds to the order of May 17, 2024 regarding appellate jurisdiction. For the reasons stated below, this Court has appellate jurisdiction over Rep. Bradford's appeal from the district court's denials of sovereign immunity and qualified immunity.

## INTRODUCTION

This Court has appellate jurisdiction to consider and decide Rep. Bradford's appeal. He seeks this Court's review of the district court's conclusive rulings that Rep. Bradford is not protected by either sovereign immunity or qualified immunity in this case. Controlling precedent of the Supreme Court and this Court establishes

that, under the collateral order doctrine, the district court's decision is final and thus immediately appealable.

## BACKGROUND

Andrew Perrong filed this action against Pennsylvania State Representative Matthew Bradford in February 2023. Perrong alleged that five telephone calls featuring a recording of Rep. Bradford's voice violated the Telephone Consumer Protection Act ("TCPA") and state law. (Doc. 1.)[1]

Rep. Bradford moved to dismiss. (Doc. 8.) The district court granted the motion in part. It determined Rep. Bradford is entitled to immunity as to his official-capacity acts. (Doc. 11 ¶¶3-4.) But the court found it could not determine, based on Perrong's complaint, if the calls were placed as part of official business or for another reason, like for a re-election campaign. The court determined it needed details, including about how the calls were financed and whether they were made from an office number. (*Id.* ¶8.)

Perrong later amended his pleading after learning during discovery that Cleo Communications LLC had been engaged for relevant technical services. (Docs. 17

---

[1] Record references are to the district court record using that court's assigned ECF document numbers and PDF pagination.

& 18.) In his amended complaint, Perrong asserted three TCPA-based claims against Rep. Bradford and Cleo. (Doc. 19.)

Cleo moved to dismiss, asserting that Perrong failed to state a TCPA claim. (Doc. 29.) The Court granted the motion in part, dismissing two claims but allowing the TCPA claim in Count 1 to proceed. (Docs. 39 & 40.) Perrong and Cleo later settled. (Doc. 42.)

In sum, after the district court's rulings and the Cleo settlement, what remained of Perrong's action was one claim that Rep. Bradford, acting in his individual capacity, violated the TCPA by placing five pre-recorded calls. The court allowed Perrong the opportunity to develop facts supporting that claim in discovery, which ultimately lasted for more than 6 months. (Doc. 41.)

After discovery, Rep. Bradford timely moved for summary judgment. (Docs. 43, 44 & 45.) He moved on four independent grounds. (Doc. 43-2 at pp. 4-14.) Two were immunity assertions: (1) sovereign immunity; and (2) qualified immunity. (*Id.* at pp. 2 & 12-14.)

The district court denied Rep. Bradford's summary judgment motion in full on May 13, 2024. (Docs. 54 & 55.) The court ruled solely on legal grounds. No aspect of its ruling was based on a factual finding. Nor did the court deny the motion because of any disputed issue of fact.

As for sovereign immunity, the district court conclusively ruled against Rep. Bradford. (Doc. 54 at pp. 9-12.) The court held that "Rep. Bradford cannot rely on sovereign immunity to escape liability" because of the court's legal finding that Perrong asserted an individual-capacity claim. (*Id.* at p. 12.)

And as for qualified immunity, the district court again definitively ruled against Rep. Bradford. (*Id.* at pp. 15-17.) The court's analysis falls under this heading: "Rep. Bradford violated Mr. Perrong's clearly established rights." (*Id.* at p. 15.) The court held: "Though Rep. Bradford can rely on the doctrine of qualified immunity, it does not shield him from liability in this case." (*Id.*) This, according to the court, was because the court found Perrong's TCPA legal right "clearly established" and that Rep. Bradford had violated it. (*Id.* at pp. 16-17.)

Rep. Bradford timely appealed to this Court on May 16, 2024. (Doc. 56.) The following day, the order here was issued by the Court. It states that Rep. Bradford seeks review of the district court's qualified immunity denial. The order does not reference the district court's sovereign immunity denial.

## STATEMENT OF APPELLATE JURISDICTION

The district court's denials of Rep. Bradford's claims to sovereign immunity and qualified immunity are immediately appealable. Under the collateral order doctrine, Rep. Bradford is entitled, as a matter of right, to immediately appeal from

the district court's denials of these immunity assertions. This Court thus has appellate jurisdiction to hear and decide Rep. Bradford's appeal.

## Sovereign Immunity

First, as for sovereign immunity, the leading case is *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993). There, the Supreme Court was asked to decide whether a district court's denial of sovereign or Eleventh Amendment immunity is immediately appealable under the collateral order doctrine. The Court answered "yes." *Id.* at 143-47.

This Court's decisions track *Puerto Rico Aqueduct*. They uniformly hold that district court denials of sovereign immunity are immediately appealable as of right under the collateral order doctrine. *See In re Venoco*, 998 F.3d 94, 101 (3d Cir. 2021) (holding this Court had appellate jurisdiction because "the denial of a claim of sovereign immunity is immediately appealable under the collateral order doctrine" (cleaned up)); *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 82 (3d Cir. 2016) (holding same; district court's denial held "immediately appealable under the collateral order doctrine, imbuing us with jurisdiction under 28 U.S.C. §1291"); *Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 193 (3d Cir. 2008) (holding same; "Defendants appeal from the District Court's order denying a claim of sovereign immunity by the Department, a state agency. We have subject matter jurisdiction under 28 U.S.C. §1291, as such orders are immediately appealable

under the collateral order doctrine."); *Gonzales v. Com. of Pa.*, 293 Fed. Appx. 136, 139 (3d Cir. 2008) (holding same; "As to [sovereign immunity], we have appellate jurisdiction under the collateral order doctrine."); *Stangl v. Port Auth. of Allegheny Cty.*, 181 Fed. Appx. 231, 232 n.2 (3d Cir. 2006) (holding same; "the denial of a defense of sovereign immunity is immediately appealable under the collateral order doctrine"); *Bell Atlantic-Pa., Inc. v. Pa. Pub. Util. Comm'n*, 273 F.3d 337, 343 (3d Cir. 2001) (holding and stating same).

Here, the district court unequivocally denied Rep. Bradford's claim to sovereign immunity on legal grounds. (Doc. 54 at pp. 9-12.) It ruled that "Rep. Bradford cannot rely on sovereign immunity to escape liability." (*Id.* at p. 12.) Rep. Bradford has an immediate right to appeal that decision.

## **Qualified Immunity**

Second, as for qualified immunity, the leading case is *Mitchell v. Forsyth,* 472 U.S. 511 (1985). There, a question confronting the Supreme Court was whether a denial of qualified immunity is immediately appealable. The Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. §1291 notwithstanding the absence of a final judgment." *Id.* at 530.

This Court's decisions follow *Mitchell*. They consistently hold that denials of qualified immunity on legal grounds are immediately appealable as of right under the collateral order doctrine. *See Rush v. City of Phila.*, 78 F.4th 610, 615-16 (3d Cir. 2023) (holding this Court had appellate jurisdiction over an appeal from a denial of qualified immunity on legal grounds; "the second prong of the [qualified immunity] analysis—whether the conduct violated clearly established law—relates to the independent issue of immunity and may be determined separately from the merits"); *Summerville v. Fuentes*, 2021 WL 4129563, *2 (3d Cir. 2021) (holding same; "A denial of qualified immunity—to the extent it is premised on an issue of law—is immediately reviewable on appeal under the collateral order doctrine."); *Mack v. Yost*, 968 F.3d 311, 318 (3d Cir. 2020) (holding same; "Under the collateral order doctrine, we have jurisdiction to review a district court's denial of summary judgment where the defendants asserted a defense under qualified immunity to the extent that it turns on an issue of law." (cleaned up)).

As this Court has explained, in this context, generally speaking, "the relevant issue of law is whether the right the defendant is alleged to have violated was 'clearly established' at the time the defendant acted or failed to act." *In re Montgomery County*, 215 F.3d 367, 374 (3d Cir. 2000); *see also Rush*, 78 F.4th at 615-16 (stating same). That was the basis for the district court's ruling here. Its

analysis falls under the heading "Rep. Bradford violated Mr. Perrong's clearly established rights." (Doc. 54 at pp. 15.) In that discussion, the court denied Rep. Bradford qualified immunity because "[t]he right that Section 227(b)(1)(A)(iii) [of the TCPA] creates is clearly established." (*Id.* at p. 16.) That was the reason the district court denied Rep. Bradford qualified immunity. (*Id.* at p. 17.)

All the cases listed in the Court's May 17, 2024 order dealt with a different situation: factual disputes. For instance, in *Johnson v. Jones*, 515 U.S. 304 (1995), the Court held that a qualified immunity denial at the summary judgment stage is not appealable "insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.* at 319-20. The referenced passage in *Monteiro v. City of Elizabeth*, 436 F.3d 397 (3d Cir. 2006), similarly states that "when qualified immunity depends on disputed issues of fact, those issues must be determined by the jury." *Id.* at 405. The same goes for *Barton v. Curtis*, 497 F.3d 331 (3d Cir. 2007), where the Court declined to consider an appeal from a denial of qualified immunity "[b]ecause the District Court denied summary judgment on the ground that there is a material issue of fact to be determined by the jury." *Id.* at 335-36. And in *Doe v. Groody*, 361 F.3d 232 (3d Cir. 2004), the Court determined it was able to hear an immediate appeal from a denial of qualified immunity because "there is no genuine issue of fact that relates to the qualified immunity issue that is being appealed." *Id.* at 237.

In sum, the cases cited in the Court's May 17, 2024 order hold only that denials of qualified immunity based on factual disputes are not appealable. That is not what happened here. The district court's denial of qualified immunity in this case was exclusively on a legal ground. Thus, Rep. Bradford has an immediate right to appeal the district court's denial of qualified immunity.

## **CONCLUSION**

For these reasons, this Court has appellate jurisdiction over Rep. Bradford's appeal from the district court's denials of sovereign immunity and qualified immunity.

Respectfully submitted,

/s/ Karl S. Myers
Karl S. Myers (Pa. No. 90307)
STEVENS & LEE
555 City Avenue, Suite 1170
Bala Cynwyd, PA 19004
(215) 751-2864
karl.myers@stevenslee.com

*Counsel for Representative Matthew Bradford*

Dated: May 31, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I served a copy of the above document on all parties and counsel of record by the Court's electronic filing system.

/s/ Karl S. Myers
Karl S. Myers

Date: May 31, 2024