

ANNE R. MYERS, ESQUIRE
MEMBER PA, TX AND NJ BARS

521 PLEASANT VALLEY AVENUE
MOORESTOWN, NJ 08057
888.313.4332
856.234.4114
856.234.4262 FAX
COMEGNOLAW.COM

606 West Marshall Street
Back Office
Norristown, PA 19401
610.233.3160
direct - 215.499.0485
amyers@Comegnolaw.com

June 3, 2024

**VIA ECF**

Patricia S. Dodszuweit, Clerk
Desiree, Case Manager
United States Court of Appeals
For the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA 19106-1790

      **Re:** **Andrew Perrong v. Matthew Bradford, et al.**
            **Case No. 24-1925**
            **District Case No. 2-23-cv-00510**

Dear Ms. Dodszuweit and Case Manager:

The purpose of this letter is to affirmatively state that Cleo Communications, LLC ("Cleo Communications") will not be participating in the appeal of this matter because Cleo Communications has long been dismissed from the underlying proceeding, with prejudice, and is therefore not implicated in the matters raised on appeal.

Andrew Perrong ("Perrong") filed this action against Pennsylvania State Representative Matthew Bradford. Perrong asserted that five pre-recorded phone calls voiced by Rep. Bradford violated the Telephone Consumer Protection Act and state law. Doc. 9. Rep. Bradford moved to dismiss, asserting immunity and failure to state a claim, among other things. Id. The district court held Rep. Bradford entitled to immunity as to his official-capacity acts, but not individual-capacity acts. The court found it could not determine, based on the complaint, if the calls were placed as part of official business or for other purposes, such as to support re-election campaigns. Id. The court determined it needed details, including about how the calls were financed and whether they were

Patricia S. Dodszuweit, Clerk
Desiree, Case Manager
United States Court of Appeals
For the Third Circuit
June 3, 2024
Page 2 of 2

placed from an office number. Id. The court decided that Perrong's state law claim failed as a matter of law. Id.

Perrong amended his pleading after learning during discovery that Cleo Communications had been engaged for relevant technical services. In his amended complaint, Perrong asserted TCPA claims against Rep. Bradford and Cleo. Id. Cleo moved to dismiss, asserting failure to state a claim. The district court granted the motion in part, dismissing two claims but allowing one claim, Count 1, to proceed. Id. Perrong and Cleo later settled. Id.

What then remained of Perrong's case was one claim that Rep. Bradford, acting in his individual capacity, violated the TCPA by placing five pre-recorded calls. The court ultimately allowed Perrong over 6 months to develop facts supporting that claim in discovery. Id. Perrong served Rep. Bradford with two sets of written discovery. Rep. Bradford timely responded and produced all responsive, non-privileged items within his custody and control, ultimately producing over 1,600 pages and 5 audio files. Id. Perrong also deposed Rep. Bradford and a senior communications manager. Id.

Cleo Communications did not participate in the discovery exchange and the depositions, cited above, because Cleo Communications had been dismissed, with prejudice by the District Court, in light of a Stipulation of Dismissal filed by Plaintiff Perrong and Cleo Communications. See Exhibit A.

Moreover, at issue in this appeal are Rep. Bradford's immunity claims, raised in the underlying District Court matter, of which Cleo Communications has no part.

For these reasons Cleo Communications has no part in the above-referenced appeal.

                                                Respectfully submitted,

                                                */s/ Anne R. Myers*

                                                Anne R. Myers

ARM/kgk
Attachment

c:    Andrew Perrong, Esq. (via ECF and email)
       Karl S. Myers, Esq. (via ECF and email)